**Terry Allen HODGE, Defendant–Appellant,**

**v.**

**STATE of Indiana, Plaintiff–Appellee.**

No. 45S00–9508–CR–974.

Supreme Court of Indiana.

Dec. 5, 1997.

Marce Gonzalez, Jr., Pamela Carter, Merrillville, for Defendant–Appellant.

Pamela Carter, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

DICKSON, Justice.

In this direct appeal, the defendant-appellant, Terry Allen Hodge, challenges his convictions and sentence for the April 23, 1993, murder of Patrick Carter and attempted murder of Kevin Miller. He presents the following claims: (1) the evidence was insufficient to convict the defendant based on the accomplice theory the State pursued at trial; (2) the jury verdicts were inconsistent; (3) the trial court erred in failing to compel a witness to testify at the hearing on the motion to correct errors; and (4) his aggregate sentence of ninety-five years was manifestly unreasonable.

### Sufficiency of Evidence

The defendant was charged with four counts: felony murder [1] (killing Patrick Carter in the course of a robbery), murder [2] for the death of Carter, attempted robbery [3] as a class A felony, and attempted murder [4] for the shooting of Miller. The jury acquitted the defendant on the felony murder and attempted robbery charges but found him guilty of murder and attempted murder. The defendant contends that the evidence was insufficient to find him guilty of the murder and attempted murder charges on the accomplice liability theory used by the State. The defendant also argues that, because the jury found him not guilty of felony murder and attempted robbery, the State's position that he was an accomplice to a botched robbery was rejected by the jury and, thus, the evidence of murder or attempted murder as an accomplice should also be insufficient. We disagree. Proof of accomplice liability as to the robbery and felony murder charges is not necessary to find accomplice liability as to the attempted murder and alternative knowing murder charges. Thus, we look to see whether there is sufficient evidence to support the jury's guilty verdict as to the murder and attempted murder charges.

An appellate claim of insufficient evidence will only prevail if, considering the probative evidence and reasonable inferences that support the judgment, and without

---

1. IND.CODE § 35–42–1–1(2) (1993).

2. IND CODE § 35–42–1–1(1) (1993).

3. IND.CODE § 35–42–5–1 (1993); IND CODE § 35–41–5–1(a) (1993).

4. IND.CODE § 35–42–1–1(1993); IND.CODE § 35–41–5–1(a) (1993).

weighing evidence or assessing witness credibility, we conclude that no reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. *Case v. State,* 458 N.E.2d 223, 226 (Ind.1984); *Loyd v. State,* 272 Ind. 404, 407, 398 N.E.2d 1260, 1264 (1980), *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

To convict for murder, the State must prove that the defendant knowingly or intentionally killed another human being. IND. CODE § 35–42–1–1 (1993). To convict the defendant of attempted murder, the State must prove that the defendant, acting with the intent to kill, engaged in conduct constituting a substantial step toward the commission of murder. *Simmons v. State,* 642 N.E.2d 511, 512 (Ind.1994); IND.CODE § 35–41–5–1 (1993). The State argued that the defendant was criminally liable as an accessory because, even if he did not actually commit the shooting, he was acting in concert with his adult nephew, Andrew Ford.

▪ It is not necessary for the accomplice to commit every element of the crime in order to be convicted of it. IND.CODE § 35–41–2–4 (1993); *Fox v. State,* 497 N.E.2d 221, 227 (Ind.1986). In order to have found the defendant guilty for the attempted murder and murder on an accomplice theory, the jury must have found that the two participants acted in concert in carrying out the crimes. *Small v. State,* 531 N.E.2d 498, 499 (Ind.1988). While the defendant's presence during the commission of the crime or the failure to oppose the crime are, by themselves, insufficient to establish accomplice liability, they may be considered along with other facts and circumstances tending to show participation. *Harris v. State,* 425 N.E.2d 154, 156 (Ind.1981); *Burkes v. State,* 445 N.E.2d 983, 987 (Ind.1983). The jury may also consider the defendant's relation to or companionship with the one engaged in the crime and the defendant's actions before, during, and after the crime. *Harris,* 425 N.E.2d at 156.

▪ Focusing upon the evidence supporting the judgment, we find that the defendant met Miller outside of a liquor store a few weeks prior to the shooting. After the two men briefly renewed each others acquaintance from high school days, the defendant agreed to purchase a video cassette recorder (VCR) from a woman standing outside the store. The woman had previously talked to Miller about the VCR. After purchasing the equipment, the defendant discovered that it did not have a remote control. A few weeks later the defendant asked Ford for a ride and the two men rode off with a third person who was driving the car. As they approached an intersection, they honked at the car Miller was driving with Carter in the passenger's side front seat. Miller stopped and the defendant got out of his car and engaged Miller in an argument about the remote control. The defendant stated that he ought to take Miller's car and then reached inside the car to take the keys. A struggle ensued, during which the car occupied by Ford pulled in front of Miller's car. The defendant spoke to Ford, who then approached and, after the defendant stepped back, fired into the car, killing Carter and paralyzing Miller.

A nearby police officer heard the gunfire and approached the scene of the shooting. As he noticed the victim's car at the intersection, he saw the defendant standing on the driver's side and Ford standing on the passenger side. When the officer neared the car, both men ran.

The jury could have found accomplice liability based on Ford's conduct coupled with the defendant's instigation of the argument, and the fact that he spoke with Ford immediately prior to the shooting and stepped back while Ford fired into the car. We cannot conclude that no reasonable jury could find the defendant guilty as an accomplice of murder and attempted murder.

### Inconsistent Verdicts

▪ The defendant contends that the jury verdicts were inconsistent because the jury acquitted him of attempted robbery and felony murder while convicting him of murder and attempted murder. In *Jackson v. State,* 540 N.E.2d 1232 (Ind.1989), we observed:

Verdicts may be so extremely contradictory and irreconcilable as to require corrective action. Ordinarily where the trial of one defendant results in acquittal upon

some charges and convictions on others, the results will survive a claim of inconsistency where the evidence is sufficient to support the convictions. In resolving such a claim, the Court will not engage in speculation about the jury's thought processes or motivation.

*Id.* at 1234 (citations omitted).

In *Jackson,* the victim testified to two different instances of rape allegedly committed by the defendant. The jury found him guilty of the first rape charge but acquitted him on the second. We held that the verdicts were not inconsistent, as the jury was free to believe some portions of the victim's testimony but discredit other portions. *Id.*

In the present case, we have found that the evidence was sufficient to support the defendant convictions upon an accomplice theory. We will not speculate about the jury's thought process. Just as the jury in *Jackson* was free to credit some testimony of the victim and disregard other portions of the testimony, so was this jury. Because the jury was not required to find that a robbery was committed in order to return a verdict of guilty as to murder and attempted murder, its verdicts are not inconsistent.

### Failure to Compel Testimony

■ The defendant also claims that the trial court erred when it failed to compel Ford to testify at the hearing on the defendant's motion to correct error. Ford did not testify at the defendant's trial because he was awaiting trial himself and had claimed his privilege against self-incrimination. However, after the defendant's conviction, Ford wrote a letter to the trial court stating that he had claimed his right only because his attorney advised him to do so, and that he now wished to testify. The letter stated that Ford was the only shooter and that the defendant did not know that Ford had a gun, thus tending to absolve the defendant. The defendant moved to correct errors on the grounds of newly discovered evidence. At the hearing on the motion to correct error, Ford took the stand and admitted that he wrote the letter. However, after extensive argument between the prosecutor and defense counsel, Ford reasserted his right against self-incrimination and the trial court

refused to compel him to testify any further. The defendant contends that by sending this letter to the judge discussing the facts of the shootings, Ford waived his right against self-incrimination and should have been compelled to testify at the hearing. The trial court denied the motion to correct errors, finding that there was no showing that the witness could be compelled to testify at another trial.

The defendant does not claim trial court error in the denial of his motion to correct error. Rather, his contention is that the trial court erred in failing to compel further testimony from Ford. The record does not establish the alleged contents of Ford's excluded testimony beyond the contents of the letter already entered into evidence. Thus the defendant has failed to demonstrate that he was harmed by the alleged error.

### Sentencing

■ The defendant contends that we should review and revise his sentence. Pursuant to Indiana Appellate Rule 17(B), we may revise a sentence only "where such sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." The defendant argues that the sentence should be revised because the defendant did not fire the murder weapon, that he was convicted upon an accomplice liability theory, and that the evidence of intent is weak. We are not persuaded and decline to find the sentence manifestly unreasonable.

The judgment is affirmed.

SHEPARD, C.J., and BOEHM, J. concur.

SULLIVAN, J., concurs as to the convictions and dissents as to sentence.

SELBY, J., concurs in the majority opinion on the conviction and would reduce the sentence to a total of eighty-five years.