Milton McGEE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 45S00–9705–CR–323.

Supreme Court of Indiana.

Aug. 24, 1998.

Charles E. Stewart, Jr., Appellate Public Defender, Crown Point, for Appellant.

Jeffrey A. Modisett, Attorney General, Suzann Weber Lupton, Deputy Attorney General, Indianapolis, for Appellee.

SELBY, Justice.

Defendant Milton McGee ("defendant") was convicted, after a jury trial, of attempted murder and battery. The jury also found him to be a habitual offender. The trial court merged the two convictions and sentenced defendant to seventy years, forty years for his attempted murder conviction enhanced by thirty years for being a habitual offender. Defendant offers one issue for our review: whether the State presented sufficient evidence to sustain defendant's conviction for attempted murder. We hold that the State presented sufficient evidence and affirm the trial court.

## FACTS

On the evening of April 3, 1996, Leroy Frye and his girlfriend, Deidra Barnes, were in their apartment in Gary, Indiana when they heard a knock at the door. While Frye remained in the bedroom, Barnes went to the door. She saw three men standing outside, one of whom was defendant. Though Barnes tried to keep the men out, they pushed their way into the apartment and told Barnes "to get out and don't look back."

Once inside the apartment, defendant and another man, William Dickerson, went into Frye's bedroom. Defendant was carrying a baseball bat and Dickerson had a knife. Defendant beat Frye with the baseball bat and threatened to kill him. Then defendant held Frye down while Dickerson hit Frye in the face. As Frye began to escape defendant's grasp and get out the door, Dickerson stabbed Frye with the knife. Frye escaped

the men and was taken to the hospital where he had successful surgery for a "massive laceration" on his abdomen.

## DISCUSSION

In this case, defendant argues that the State presented insufficient evidence at trial to support his conviction for attempted murder. Defendant first contends that there is no evidence that either he or Dickerson intended to kill Frye. Defendant next contends that Frye's testimony cannot be used to support the conviction. For these reasons, defendant asks that we reverse his conviction and remand for a new trial.

■ When reviewing a sufficiency of the evidence claim, the reviewing court neither weighs the evidence nor judges the credibility of the witnesses. *Hodge v. State*, 688 N.E.2d 1246, 1247–48 (Ind.1997). The reviewing court does examine the probative evidence, and all reasonable inferences to be derived therefrom, in the light most favorable to the verdict. *Id.* If, based upon this examination, we find that a reasonable trier of fact could have found guilt beyond a reasonable doubt, then we will sustain the conviction. *Id.* To convict a defendant of attempted murder, the State need prove that the defendant, acting with the intent to kill, engaged in conduct which constitutes a substantial step toward the commission of murder. IND. CODE §§ 35–41–5–1, 35–42–1–1 (1998); *Hodge*, 688 N.E.2d at 1248. Intent to kill may be inferred from the use of a deadly weapon. *Barany v. State*, 658 N.E.2d 60, 65 (Ind.1995).

■ Under accomplice liability, "an accomplice is criminally responsible for all acts committed by a confederate which are a probable and natural consequence" of their concerted action. *Vance v. State*, 620 N.E.2d 687, 690 (Ind.1993); *see Hodge*, 688 N.E.2d at 1248. The accomplice need not participate in each and every element of the attempted murder in order to be convicted of it. *Hodge*, 688 N.E.2d at 1248; *Jones v. State*, 536 N.E.2d 267, 270 (Ind.1989). While the defendant's mere presence at the scene of the crime is insufficient to establish accomplice liability, his presence may be considered along with "the defendant's relation to or companionship with the one engaged in the crime and the defendant's actions before,

during, and after the crime." *Hodge*, 688 N.E.2d at 1248.

 In the present case, the State presented sufficient evidence to sustain defendant's conviction for attempted murder. The evidence shows that defendant and Dickerson arrived at Frye's apartment armed with a baseball bat and a knife. They then forced their way into Frye's apartment and beat him with the bat and the knife handle. Defendant said he was going to kill Frye. Finally, defendant held Frye so that he could not escape, which enabled Dickerson to viciously slash Frye with his knife. While defendant did not use the knife himself, he and Dickerson acted together to attack and seriously wound Frye. A reasonable trier of fact could have found that Dickerson acted with the required intent and that defendant was his accomplice in that endeavor.

 Notwithstanding the general rule that a reviewing court does not judge the credibility of the witnesses, defendant also asks that we reassess the credibility of Frye's testimony. As it is the jury's responsibility to judge the credibility of the witnesses, this Court can only impinge upon that responsibility "where a sole witness presents inherently contradictory testimony which is equivocal or the result of coercion and there is a complete lack of circumstantial evidence of the appellant's guilt." *Tillman v. State*, 642 N.E.2d 221, 223 (Ind.1994). In such a case, we may reverse the trial court's decision. *Id.* This situation is not applicable to the present case. The key portions of Frye's testimony—that defendant and Dickerson forced themselves into Frye's apartment, that Dickerson had a knife, and that Frye was seriously cut—are corroborated by Barnes's testimony and by the hospital records. Thus, there was sufficient evidence to sustain his conviction for attempted murder.

### CONCLUSION

We affirm the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.