**Arnold CADE, Defendant–Appellant,**

**v.**

**STATE of Indiana, Plaintiff–Appellee.**

**No. 49S00–9906–CR–325.**

Supreme Court of Indiana.

Sept. 6, 2000.

Mark Small, Marion County Public Defender Agency, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Kristin T. Givens, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

DICKSON, Justice

After a jury found him guilty of burglary, a class A felony,[1] attempted robbery, a class C felony,[2] and resisting law enforcement, a class A misdemeanor,[3] the defendant pled guilty to being a habitual offender. He received concurrent sentences on his three convictions, and the thirty-year habitual offender enhancement was attached to his burglary sentence. The defendant argues that the evidence was insufficient to support his convictions for burglary and resisting law enforcement, and that the habitual offender enhancement therefore must also be vacated.

The defendant first contends that his burglary conviction was not established by sufficient evidence of intent to commit robbery. He asserts that robbery is "the felony that the information charged him with intending to commit." Brief of Appellant at 5. This is incorrect. The burglary count did not allege entry with the intent to commit robbery. Rather, it charged that the defendant "did break and enter the building or structure and dwelling of Isolde Weaver and Elizabeth LaCava, ... with intent to commit the felony of theft therein,...." Record at 23. The jury was likewise instructed that the elements of burglary in this case included the element of "intent to commit a felony in the dwelling; to wit theft." Record at 100. The defendant's claim that the evidence was insufficient to prove intent to commit robbery, as opposed to theft, is not grounds for reversal.

The defendant also alleges that evidence was insufficient to establish that, when he entered the dwelling, he intended to commit theft. In reviewing a claim of insufficient evidence, we will affirm the conviction unless, considering only the evidence and reasonable inferences favorable to the judgment, and neither reweighing the evidence nor judging the credibility of the witnesses, we conclude that no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Jenkins v. State* 726 N.E.2d 268, 270 (Ind.2000); *Webster v. State*, 699 N.E.2d 266, 268 (Ind.1998); *Hodge v. State*, 688 N.E.2d 1246, 1247–48 (Ind.1997).

The elements of burglary as a class A felony are (1) breaking and entering (2) a building or structure of another person (3) with the intent to commit a felony in it and (4) the act results in bodily injury to any person other than the defendant. IND. CODE § 35-43-2-1. The felony of theft consists of knowingly or intentionally exerting unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use. IND.CODE § 35-43-4-2. The defendant admits that the victims' trial testimony supports that he intended to commit theft, but argues that this testimony is contradicted by his own version of the events. He further contends that the State did not offer any fingerprint evidence to show that he attempted to steal anything and that the police found neither

---

**1.** IND.CODE § 35–43–2–1.

**2.** IND.CODE § 35–42–5–1; IND.CODE § 35–41–5–1(a).

**3.** IND.CODE § 35–44–3–3(a)(3).

stolen currency nor a weapon when they arrested him.

The facts favorable to the judgment are that soon after midnight on September 10, 1998, seventy-five year old Isolde Weaver, hearing her dog barking outside, rose from her bed and went downstairs to let in her cat. When she opened her door slightly, the defendant pushed the door open, came into the front hall, grabbed her by the wrists, and pushed her. The defendant then said, "I want your money. Give me your money right now." Record at 180. The victim's daughter, Elizabeth LaCava, hearing the disturbance, came out from her office in the back of the house and went into the dining room where she saw her mother struggling with the defendant. The daughter picked up a dining room chair to protect herself and came towards the front hall. The defendant demanded money from the daughter and grabbed at the chair, causing it to strike the daughter on her forehead. The victim's nineteen-year-old grandson, Daniel LaCava, hearing the struggle, ran down the stairs and began tussling with the defendant. All three residents sustained bodily injuries resulting from the defendant's acts.

Applying our standard of review, we find that the defendant's statements just after his entry are sufficient to permit a reasonable jury to infer that at the time of entering the dwelling, the defendant intended to commit theft. The evidence is sufficient to support the defendant's conviction for burglary.

■ The defendant next challenges his conviction for resisting law enforcement claiming that the evidence was not sufficient to prove that he knowingly or intentionally failed to heed the police officer's order to stop. Claiming that the testimony of whether the officer did in fact order him to stop was contradictory, the defendant contends that he did not hear the officer order him to stop, and therefore he did not "knowingly or intentionally" flee from the officer.

"A person who knowingly or intentionally flees from a law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop commits resisting law enforcement, a Class A misdemeanor." IND. CODE § 35–44–3–3(a)(3).

The grandson, who had tussled with the defendant inside the house, pursued the defendant after he left the house and caught up with him in the backyard of a house about a block and a half away. Officer Miller, in full police uniform, arrived on the scene and saw the two men struggling. A gun shot, later discovered to have been fired by the owner of the home where the two men were fighting, sounded. The officer pulled his weapon and shouted in a loud yelling voice "Police. Stop." Record at 278. Daniel stopped, but the defendant ran away. The defendant was found and arrested about eighty yards from where the officer first saw him.

The defendant contends the evidence was insufficient because of testimony by the grandson and the officer that the officer may have said "Freeze" rather than "Stop," and because passages from other parts of the officer's testimony mentioned saying "Police" but did not include "Stop" or "Freeze." Considering the evidence favorable to the judgment, as we must, we conclude that a reasonable jury could find the crime of resisting law enforcement proven beyond a reasonable doubt.

The defendant's final contention is that his habitual offender enhancement cannot stand if the felony to which it is attached is reversed for insufficient evidence.[4] Because we found the evidence sufficient to sustain the burglary conviction, we deny

4. Arguing that his habitual offender enhancement was improper, the defendant obliquely asserts that his attempted robbery conviction is not supported by sufficient evidence. The attempted robbery conviction, however, is irrelevant to the claim that the habitual offender enhancement is not supported by the evidence, because it was his sentence for burglary that was enhanced after he pled guilty to being a habitual offender.

the defendant's claim for relief from the habitual offender sentence enhancement.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.