Jason RASCOE, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 49S00–9908–CR–444.

Supreme Court of Indiana.

Oct. 25, 2000.

**1246**

Walter E. Bravard, Jr., Indianapolis, Indiana, Attorney for Appellant.

Jeffrey Modisett, Attorney General of Indiana, Rosemary L. Borek, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

DICKSON, Justice

The defendant, Jason Rascoe, was convicted of murder[1] for the January 17, 1998 slaying of Gene Wills in Marion County. In this appeal, the defendant contends that the eyewitness's identification testimony was improperly admitted and that the evidence was insufficient.

The first claim misunderstands or misrepresents the record. The defendant argues that he was deprived of due process of law because the only eyewitness, Ronald McGrady, was permitted to identify the defendant in court only after a suggestive pre-trial police photographic "line-up." The record of the defendant's bench trial reflects that, during the State's re-direct examination, McGrady identified the defendant without objection. Record at 231–32. During re-cross examination of McGrady, however, the defendant moved to strike and suppress the in-court identification. *Id.* at 234. The trial court initially took the motion under advisement. *Id.* at 235. Following testimony from the investigating police officer, however, the trial court granted the motion to strike and expressly suppressed the in-court identification. *Id.* at 251. Having already received at trial the relief he now seeks, the defendant presents no claim for relief on this issue.

The defendant also contends that his conviction is not supported by sufficient evidence. In reviewing a claim of insufficient evidence, we will affirm the conviction unless, considering only the probative evidence and reasonable inferences favorable to the judgment, and neither reweighing the evidence nor judging the credibility of the witnesses, we conclude that no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Jenkins v. State,* 726 N.E.2d 268, 270 (Ind.2000); *Webster v. State,* 699 N.E.2d 266, 268 (Ind.1998); *Hodge v. State,* 688 N.E.2d 1246, 1247–48 (Ind.1997).

The defendant argues that the evidence was insufficient to show that his killing of the victim was knowing or intentional, as required to convict for murder. IND.CODE § 35–42–1–1. He claims that he merely panicked as his gun went off unexpectedly.

This claim is contradicted by the facts favorable to the judgment. The defendant approached the decedent with a gun in each hand and shot the decedent eight or nine times. Five gunshot wounds were found in the decedent. The defendant later admitted to police that he fired the initial shot and then, when the victim was on the ground, the defendant fired both handguns numerous times into the victim. An eyewitness observed the shooting. From this evidence, the fact-finder could find beyond a reasonable doubt that the defendant knowingly or intentionally killed the decedent.

We affirm the judgment.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

1. IND.CODE § 35–42–1–1.