Jimmy ROBERTSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–0006–CR–383.

Court of Appeals of Indiana.

Dec. 19, 2000.

Transfer Granted March 9, 2001.

Eugene C. Hollander, Marion County Public Defender, Indianapolis, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Michael A. Hurst, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

ROBB, Judge

### Case Summary

Jimmy Robertson appeals his conviction for carrying a handgun without a license, a Class A misdemeanor, following a bench trial. We reverse.

### Issue

Robertson raises one issue for our review which we restate as whether there was sufficient evidence to sustain his con-

viction for carrying a handgun without a license.

### Facts and Procedural History

The facts most favorable to the verdict reveal that on April 27, 1999, Officer Joseph McAtee was dispatched to investigate a domestic disturbance. When he arrived at the apartment complex, he entered the common hallway and went upstairs. Robertson then stepped outside of his apartment into the common hallway. Officer McAtee patted Robertson down and found a handgun in Robertson's pocket. When asked, Robertson indicated that he did not have a license for the handgun.

Robertson was charged with carrying a handgun without a license, a Class A misdemeanor, and was found guilty as charged following his bench trial.[1] He now appeals.

### Discussion and Decision

#### I. Standard of Review

Our standard of review when considering the sufficiency of evidence is well settled. We will not reweigh the evidence or consider the credibility of witnesses. *Weaver v. State*, 702 N.E.2d 750, 752–53 (Ind.Ct.App.1998). Only the evidence most favorable to the verdict, together with all reasonable inferences that can be drawn therefrom will be considered. *Id.* If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed. *Id.*

#### II. Sufficiency of the Evidence— Carrying a Handgun Without a License

In order to prove that Robertson was guilty of carrying a handgun without a license, the State was required to prove that Robertson carried a handgun on or about his person without having a license in his possession. Ind.Code § 35–47–2–1.

However, an individual is permitted to carry a handgun without a license "in his dwelling, on his property or fixed place of business...." *Id.*

At trial, the State presented Officer McAtee as a witness who testified that after Robertson stepped out of his apartment, he patted Robertson down and discovered a handgun on Robertson's person, for which Robertson stated that he did not have a license.

Robertson contends that the hallway outside of his apartment is a part of his dwelling and therefore he had the lawful right to carry the handgun into the hallway. Thus, Robertson argues that there is insufficient evidence to support his conviction. The State argues that even if the common hallway is not a public place, it is not a dwelling because Robertson did not eat, sleep, or live there.

Here, the common hallway was shared by four apartments: two upstairs and two downstairs. To enter the common hallway, an outside door had to be passed through. McAtee testified that when he encountered Robertson, Robertson had just walked outside the door of the second floor apartment and that Robertson could have only taken two to three steps out of the apartment at the most because there was a very limited area up on the balcony.

It has been decided that common areas, enclosed hallways, and stairway areas of an apartment building are not public places. *See State v. Culp*, 433 N.E.2d 823, 826 (Ind.Ct.App.1982), *trans. denied.* We must now decide if the area outside an apartment is considered a part of the person's dwelling. A dwelling is defined as "a building, structure, or other enclosed space, permanent or temporary, movable or fixed, that is a person's home or place of lodging." Ind.Code § 35–41–1–10. A home's curtilage is the area or ground

---

**1.** Robertson was also charged with battery, a Class A misdemeanor. However, The State dismissed the battery charge.

immediately surrounding the home. *See Blalock v. State*, 483 N.E.2d 439, 442 (Ind. 1985). Curtilage, or the area that immediately surrounds the home, is really just an extension of the dwelling itself. *Id.*

Individuals who live in apartments often hang decorations on outside doors and place doormats on the ground outside the door. Further, individuals who have apartments that exit immediately outside often place and keep personal items on their steps or porches. Simply because one lives in an apartment does not mean that he or she does not at times occupy the space immediately outside of the apartment home. Thus, one who lives in an apartment also treats the area immediately outside his or her apartment home as his or her curtilage.

Because people use the area outside of their doors as a part of their home, and this area is analogous to curtilage, we hold that the area immediately outside of a person's apartment is a part of that person's dwelling.[2]

We will not reweigh the evidence or judge the credibility of the witnesses, and here, where Robertson was still in a part of his dwelling while carrying a handgun without a license, the evidence is not sufficient to support his conviction.

### Conclusion

We hold that there is not sufficient evidence to support Robertson's conviction for carrying a handgun without a license. Accordingly, we conclude that there was error.

Reversed.

DARDEN, J., and RILEY, J., concur.

---

**2.** We are not deciding the exact parameters of what would constitute the curtilage of all apartments. The area that would be the curtilage is very fact sensitive and will depend upon the type of activity being engaged in as well as the particular apartment structure and should be decided on a case-by-case basis. Here, it is clear that when Robertson took only two or three steps outside of his apartment that he was within his apartment's curtilage and therefore was within his dwelling.