Jimmy ROBERTSON, Defendant–
Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 49S02–0103–CR–157.

Supreme Court of Indiana.

March 27, 2002.

Eugene C. Hollander, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

On Petition to Transfer

DICKSON, Justice.

The defendant, Jimmy Robertson, was convicted in a bench trial of carrying a handgun without a license as a class A misdemeanor[1] for the possession of a weapon in the common hall outside the door to his apartment. Considering the area immediately outside a person's apartment to be part of his dwelling, and that it is thus permissible to possess an unlicensed handgun in this area, the Court of Appeals reversed. *Robertson v. State,* 740 N.E.2d 574 (Ind.Ct.App.2000). We granted transfer, 753 N.E.2d 7 (Ind.2001), and now affirm the trial court, concluding that this interpretation of the statute is incorrect.

 The defendant's single claim on appeal is that the evidence was not sufficient to support his conviction. Arguing that the charged offense requires proof that he

---

1. Ind.Code § 35–47–2–1.

was not in his dwelling or on his property, the defendant asserts that the place where he was arrested was part of his dwelling.

■ In reviewing a claim of insufficient evidence, we will affirm the conviction unless, considering only the evidence and reasonable inferences favorable to the judgment, and neither reweighing the evidence nor judging the credibility of the witnesses, we conclude that no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Jenkins v. State,* 726 N.E.2d 268, 270 (Ind. 2000); *Webster v. State,* 699 N.E.2d 266, 268 (Ind.1998); *Hodge v. State,* 688 N.E.2d 1246, 1247–48 (Ind.1997).

Applying this standard, the evidence shows that a Marion County Deputy Sheriff was dispatched to the defendant's Indianapolis apartment to investigate a domestic disturbance involving a male and female, with the male wearing a tan shirt and dark pants and possibly armed with a weapon. Upon arrival at the apartment building, the officer walked into the building and entered the common hallway serving four apartments, two downstairs and two upstairs. He went up the stairs and could hear yelling coming from the defendant's second floor apartment. As the officer stood at the top of the stairs in the common hallway balcony area waiting for a backup officer to arrive, the apartment door flew open and the defendant, who matched the description provided to the officer, came out of the apartment and took two or three steps into the common hallway area. The officer stopped him and patted him down in the hallway, finding a fully loaded handgun in the front pocket of his trousers. The defendant admitted that he did not have a license for the gun.

The statute defining the charged offense provides:

[A] person shall not carry a handgun in any vehicle or on or about his person,

except in his dwelling, on his property or fixed place of business, without a license issued under this chapter being in his possession.

Ind.Code § 35–47–2–1. The defendant claims that his place of arrest fits within the statutory definition of dwelling as "a building, structure, or other enclosed space, permanent or temporary, movable or fixed, that is a person's home or place of lodging." Ind.Code § 35–41–1–10. He also argues that common areas such as enclosed hallways and stairways of an apartment house have been held not to be public places.

The issue in this case is not whether the common hallway where the defendant was arrested was a public place, but whether it was the defendant's dwelling or property. The defendant does not present cogent argument that it was his property, but does assert that it was his dwelling. Observing that people treat "the area immediately outside of his or her apartment home as his or her curtilage," the Court of Appeals concluded that such area was part of the person's dwelling, but expressly declined to decide the exact parameters of what this was to include. *Robertson,* 740 N.E.2d at 576.

The doctrine of curtilage is not applicable here. In Indiana Code § 35–41–3–2(b) & (c), which protects a person from criminal liability when force is used to protect their "dwelling *or* curtilage" (emphasis added), the concept of curtilage is treated as separate and distinct from dwelling. In the statute proscribing carrying a handgun without a license, however, a person's dwelling is designated as an exception without also including curtilage. In addition, while "dwelling" is defined as "a person's home or place of lodging," Ind.Code § 35–41–1–10, the legislature cannot have intended to permit the carrying of unli-

censed handguns in all apartment common areas that a person may claim as part of their place of lodging. This construction could arguably extend the dwelling exception to include all the common halls in an apartment building, its entryways, elevators, parking garages, and common facilities provided for tenant laundry, mail, and other conveniences.

■ To foster application of the statute in a fair, consistent, and predictable manner, consistent with legislative intent, we hold that "dwelling" does not include the common areas serving a person's apartment.

Considering only the evidence and reasonable inferences favorable to the judgment, and neither reweighing the evidence nor judging the credibility of the witnesses, we conclude that the evidence was sufficient to enable the trial court to find beyond a reasonable doubt that the defendant was not in his dwelling when he was found to possess the unlicensed handgun.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, and BOEHM, JJ., concur. RUCKER, J., dissents with separate opinion.

RUCKER, Justice, dissenting.

I agree with the majority that the issue in this case is not whether a common hallway is a public place. Having said that, it is clear that Robertson was perfectly within his right to possess the handgun inside his apartment. I am troubled that Robertson is transformed from a law-abiding citizen one moment into a misdemeanant the next by merely stepping a few feet outside his doorway while the handgun is still in his possession. From my perspective the Court of Appeals has the better view: "the area immediately outside of a person's apartment is a part of that person's dwelling." *Robertson v. State*, 740 N.E.2d 574, 576 (Ind.Ct.App.2000). I therefore dissent and would reverse the judgment of the trial court.