**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 21 2012, 9:18 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JANE H. CONLEY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHNATHON GREGG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1111-CR-566 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause No. 49G04-1103-FB-17943

**May 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Jonathon Gregg appeals his conviction for burglary, as a Class B felony, following a bench trial. He presents a single issue for review, namely, whether the evidence is sufficient to support his conviction for burglary.[1]

We affirm.

**FACTS AND PROCEDURAL HISTORY**

On the morning of February 14, 2011, Carol Douglas left her home in Indianapolis around 8:45 a.m., and her husband James left for work a short while later. The front and back doors of the home were locked. When James returned home around 2:45 p.m. to get his lunch, he found the glass in the back door had been shattered and the house had been "ransacked." Transcript at 9. Several items were missing, including Colts helmets, a Terry Bradshaw football, Wii gaming systems, laptop computers, Longaberger baskets, and a set of golf clubs. At 4:33 p.m. the same day, Gregg pawned items at Jackpotts LLC in Indianapolis, including two sets of golf clubs.

James reported the break-in to police. Officers recovered fingerprints on a television inside the house that had been partially removed from a wall. The prints belonged to Gary Miller.[2] Indianapolis Metropolitan Police Department ("IMPD") Detective Larry Craciunoiu interviewed Miller, who implicated Gregg in the break-in and theft. Officers later recovered the golf clubs from the pawn shop. Gregg's signature and thumbprint were on the pawn ticket.

---

[1] Gregg does not appeal his conviction for theft, as a Class B felony, or the adjudication that he is an habitual offender.

[2] Miller had pleaded guilty to burglary and, as part of that plea, had agreed to testify as a State's witness at Gregg's trial.

The State charged Gregg with burglary, as a Class B felony, and theft, as a class B felony, and with being an habitual offender. Gregg waived a jury trial and, following a bench trial, the court convicted him on both counts as charged and, following Gregg's admission, found him to be an habitual offender. The court sentenced Gregg to fifteen years for burglary, enhanced by ten years for being an habitual offender, and to 901 days for theft, to run concurrently but with sixteen years executed and nine years suspended to probation. Gregg now appeals.

## DISCUSSION AND DECISION

Gregg contends that the evidence is insufficient to support his conviction for burglary. When the sufficiency of the evidence to support a conviction is challenged, we neither reweigh the evidence nor judge the credibility of the witnesses, and we affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. Wright v. State, 828 N.E.2d 904, 905-06 (Ind. 2005). It is the job of the fact-finder to determine whether the evidence in a particular case sufficiently proves each element of an offense, and we consider conflicting evidence most favorably to the trial court's ruling. Id. at 906.

Gregg argues that the "sole evidence of burglary against [him] was the testimony of Gary Miller[, which was] vacillating, required frequent prompting, and contradicted itself." Appellant's Brief at 5. He contends that there is no direct evidence linking him to the break-in at the Douglas home aside from Miller's "contradictory and wavering" testimony. Appellant's Brief at 10. But Gregg forgets that, under the accomplice theory

3

of liability, a person who aids another person in committing an offense is guilty of the offense as if he were the principal.  See Ind. Code § 35-41-2-4.  We consider whether the evidence is sufficient to support his conviction for burglary as an accomplice.

To prove that Gregg committed burglary, as a Class B felony, the State was required to show beyond a reasonable doubt that Gregg broke and entered the "dwelling of James Douglas and/or Carol Douglas . . . with intent to commit a felony of Theft therein[.]"  Appellant's App. at 25; see also Ind. Code § 35-43-2-1(1)(B)(i).  Under accomplice liability, a "person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense[.]"  Ind. Code § 35-41-2-4.

In determining whether a person aided another in the commission of a crime, our supreme court has long considered the following four factors:  (1) presence at the scene of the crime; (2) companionship with another engaged in criminal activity; (3) failure to oppose the crime; and (4) a defendant's conduct before, during, and after the occurrence of the crime.  Vandivier v. State, 822 N.E.2d 1047, 1054 (Ind. Ct. App. 2005) (citing Garland v. State, 788 N.E.2d 425, 431 (Ind. 2003)), trans. denied.  While the defendant's presence during the commission of the crime or his failure to oppose the crime are, by themselves, insufficient to establish accomplice liability, the jury may consider them along with other facts and circumstances tending to show participation.  Id. (citing Hodge v. State, 688 N.E.2d 1246, 1248 (Ind. 1997)).  In order to sustain a conviction as an accomplice, there must be evidence of the defendant's affirmative conduct, either in the form of acts or words, from which an inference of common design or purpose to

4

effect the commission of a crime may reasonably be drawn.  Id. (citing Peterson v. State, 699 N.E.2d 701, 706 (Ind. Ct. App. 1998)).

Here, Miller testified that on February 14, 2011, he and Gregg broke in to the Douglas house, choosing that location at random.  Specifically, Gregg drove the two to the house in a truck, and when no one answered the door, Gregg and Miller went to the back door where one of them broke the glass.[3]  Once the two men were in the house, Miller went downstairs and began taking "anything he could find" and Gregg went "somewhere else."  Transcript at 28.  Gregg then pulled the truck around to the back and helped Miller load the stolen items into the truck.  A few hours later, Gregg pawned two sets of golf clubs that had been taken from the Douglas' home.

In sum, the uncontradicted evidence shows that Gregg and Miller were together when the break-in occurred, that both were present at the time of the offense, and that Gregg never opposed the crime.  Although Miller's testimony vacillated as to who broke the back door glass and was ambiguous as to whether Gregg actually removed anything from the home, Gregg participated by driving to and from the scene, he pawned two items stolen from the Douglas home hours after the offense, and he has not appealed his conviction for theft.  Regardless of whether Miller's testimony concerning the details of the offense are equivocal, the evidence clearly shows that Gregg was present and participated in the break-in.  Gregg's arguments amount to a request that we reweigh the evidence, which we will not do.  See Wright, 828 N.E.2d 904, 905-06.  Therefore, the

---

[3] In a statement given following his arrest, Miller told police that Gregg had broken the glass in the Douglas' back door.  At trial, Miller testified that he had broken the glass in the back door.

evidence is sufficient to support his conviction for burglary under a theory of accomplice liability, and we affirm his conviction for burglary, as a Class B felony.

Affirmed.

RILEY, J., and DARDEN, J., concur.