## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 31 2018, 10:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Terry Hodge
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Terry A. Hodge,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 31, 2018

Court of Appeals Case No.
18A-CR-1449

Appeal from the Lake Superior
Court

The Honorable Diane R. Boswell,
Judge

The Honorable Kathleen A.
Sullivan, Magistrate

Trial Court Cause No.

45G03-0509-FC-120

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Terry Hodge (Hodge), appeals the trial court's denial of his motion to correct erroneous sentence.

We affirm.

# ISSUE

Hodge presents one issue on appeal: Whether the trial court abused its discretion when it denied his motion to correct erroneous sentence.

# FACTS AND PROCEDURAL HISTORY

On November 9, 1993, the State charged Hodge with felony murder; murder; attempted robbery, a Class A felony; attempted murder, a Class A felony; and carrying a handgun without a license, a Class D felony. The State also alleged that Hodge was an habitual offender. On September 16, 1994, following a jury trial, Hodge was found guilty of murder and attempted murder. The jury also found that Hodge was an habitual offender.

On December 6, 1994, the trial court sentenced Hodge to the Indiana Department of Correction for forty years for murder and thirty years for attempted murder, to be served consecutively. The trial court enhanced Hodge's attempted murder sentence by twenty-five years for being an habitual offender. Hodge's aggregate sentence is ninety-five years.

Hodge's convictions and sentence were affirmed on direct appeal by our supreme court in 1997 in *Hodge v. State*, 688 N.E.2d 1246 (Ind. 1997). The

denials of his petition for post-conviction relief and his successive petition for post-conviction relief were affirmed by this court in 2001 and 2010, respectively. On May 7, 2018, Hodges filed a motion to correct erroneous sentence in which he argued that his sentence must be corrected because the trial court imposed a sentence in excess of that allowed for criminal convictions arising out of one episode of criminal conduct. On May 11, 2018, the trial court denied Hodge's motion because it found that Hodge's sentence was not erroneous on its face.

Hodge now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Hodge argues that the trial court abused its discretion when it denied his motion to correct erroneous sentence. Specifically, he alleges that his convictions were subject to a statutory sentencing cap as provided for in Indiana Code section 35-50-1-2 for convictions arising out of a single episode of criminal conduct and that his sentence is facially erroneous because he was sentenced in excess of that cap.

A defendant may file a motion to correct erroneous sentence pursuant to Indiana Code section 35-38-1-15 which provides:

> If the convicted person is erroneously sentenced, the mistake does not render the sentence void. The sentence shall be corrected after written notice is given to the convicted person. The convicted person and his counsel must be present when the corrected sentence is ordered. A motion to correct sentence must be in writing and supported by a memorandum of law specifically pointing out the defect in the original sentence.

[10]     A motion to correct erroneous sentence may only be used to correct sentencing errors that are clear from the face of the sentencing judgment in light of statutory authority. *Robinson v. State*, 805 N.E.2d 783, 787 (Ind. 2004). Claims that require consideration of the proceedings before, during, or after trial may not be presented in a motion to correct erroneous sentence. *Id*. We review a trial court's denial of a motion to correct erroneous sentence for an abuse of the trial court's discretion. *Hobbs v. State*, 71 N.E.3d 46, 48 (Ind. Ct. App. 2017), *trans. denied*.

[11]     Hodge claims that his sentence is erroneous because it was in excess of that allowed for convictions arising out of a single episode of criminal conduct under sentencing statute Indiana Code section 35-50-1-2. Assuming without deciding that Indiana Code section 35-50-1-2 applies to Hodge's sentence, Hodge's claim of erroneous sentence is unavailing. The term "episode of criminal conduct" is defined as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." I.C. 35-50-1-2(b). Whether offenses constitute a single episode of criminal conduct is necessarily a fact-sensitive inquiry to be determined by the trial court. *Schlichter v. State*, 779 N.E.2d 1155, 1157 (Ind. 2002).

[12]     In order to evaluate Hodge's claim, it would be necessary to evaluate the evidence adduced at trial to determine if his convictions were so closely related in time, place, and circumstance that they constituted a single episode of criminal conduct. That would entail consideration of matters extrinsic to the sentencing judgment, which a court is not allowed to do when reviewing a

motion to correct erroneous sentence. *Robinson*, 805 N.E.2d at 787. This is why Hodge's sentence is not erroneous on its face. As such, we conclude that the trial court did not abuse its discretion when it denied Hodge's motion to correct erroneous sentence.

## CONCLUSION

[13] Based on the foregoing, we conclude that the trial court did not abuse its discretion when it denied Hodge's motion to correct erroneous sentence because his sentence was not facially erroneous.

[14] Affirmed.

[15] Vaidik, C. J. and Kirsch, J. concur