**Larry BOYCE, Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 49S00–9908–CR–446.

Supreme Court of Indiana.

Oct. 13, 2000.

---

See also, *Wieland v. State,* 736 N.E.2d 1198 (Ind.2000).

Timothy J. Miller, Marion County Public Defender, Indianapolis, Indiana, for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, Indiana, for Appellee.

DICKSON, Justice

As a result of his involvement in the January 3, 1998, death of Gary Hoffman at an Indianapolis Village Pantry convenience store, the defendant, Larry A. Boyce, was convicted of the felony murder;[2] robbery, a class A felony;[3] attempted robbery, a class A felony;[4] conspiracy to commit robbery, a class A felony;[5] and two counts of criminal confinement, class B felonies.[6] In this appeal, he claims that the evidence was insufficient to establish accomplice liability and to prove conspiracy to commit robbery.

---

**2.** IND. CODE § 35–42–1–1(2); IND. CODE § 35–42–5–1.

**3.** IND. CODE § 35–42–5–1.

**4.** IND. CODE § 35–41–5–1; IND. CODE § 35–42–5–1.

**5.** IND. CODE § 35–41–5–2; IND. CODE § 35–42–5–1.

**6.** IND CODE § 35–42–3–3.

Larry Boyce and Stephen Wieland were tried as co-defendants in the same trial and were each convicted of the same counts, based on their conspiracy with and accomplice liability for the actions of Casey Priest. Wieland's appeal, which we decide today, *Wieland v. State*, 736 N.E.2d 1198 (Ind.2000), also presents claims of insufficient evidence. We refer the reader to our opinion in *Wieland* for our discussion of the standard of review, the applicable law regarding conspiracy and accomplice liability, and our summary of the principal evidence favorable to the judgment.

Boyce contends that there is insufficient evidence to show that he had an advance knowledge of Priest's intent to rob, that he did not participate or aid in the commission of the crime, and that he "merely had the bad luck to be present." Brief of Appellant at 16. Acknowledging that he knew that Priest carried a handgun and that he entered the store with Priest and Wieland, Boyce argues that, after the three men entered the store, Priest went to the counter but that both Boyce and Priest went to a different area of the store. Boyce urges that, when he heard Priest demand money from Graham, he (Boyce) backed away and left the store, and that he was well away from the doorway where Priest met and killed Hoffman.

■ Notwithstanding the testimonial evidence on which these assertions are based, the store surveillance videotape provides clear proof to the contrary. It reveals that the three men entered the store together, gathered store items, and were standing at the counter area with Priest as he committed the armed confinement of Wallace and robbery of Graham. Boyce was not elsewhere in the store. Boyce did not withdraw and leave while the robbery was in progress. Rather the three men left together, each exiting about two seconds after the other. Priest, who left last, encountered, attempted to rob, and then murdered Hoffman as the three were escaping from the store. Boyce and Wieland were seen laughing as they ran away. As shown by other evidence, the three then went to Boyce's father's house where they divided the proceeds of the crimes. Boyce later fled to Illinois with Priest.

From the evidence, a reasonable trier of fact could have determined beyond a reasonable doubt that Boyce was guilty, based upon accomplice liability, of robbery, felony murder, attempted robbery, and two counts of confinement.

■ The defendant also contends that the evidence was insufficient to support his conviction for conspiracy to commit robbery. He argues that there was no evidence that he entered into an agreement with Priest to commit any crime. The State responds that the trier of fact could have reasonably concluded that Boyce heard Priest announce, as the three were crossing the Village Pantry parking lot, "Watch my back, I'm gonna get 'em." Record at 220. The State argues that it was not required to believe Boyce's assertion at trial denying that he heard Priest's statement.

Because there is evidence and reasonable resulting inferences from which the trier of fact could have found beyond a reasonable doubt that Boyce agreed with Priest to commit the crime of robbery while armed, and that Priest performed the charged overt act of entering the store, we affirm Boyce's conviction for conspiracy to commit robbery, a class A felony.

■ Consistent with its response in Wieland's appeal, the State concedes *sua sponte* that Boyce's conviction on Count 3 (robbery of Graham) violates double jeopardy principles given his conviction on Count 2 (felony murder of Hoffman in the course of the robbery of Graham). The State further concedes that the enhancement of Boyce's convictions for attempted robbery and conspiracy to commit robbery to class A felonies based on Hoffman's murder as the serious bodily injury element required for class A designation, vio-

lates double jeopardy in light of his conviction of the felony murder of Hoffman. Consistent with our treatment of Wieland's claims under the Indiana Double Jeopardy Clause, as set forth in *Wieland*, 736 N.E.2d at 1203–06, we likewise vacate Boyce's convictions in Count 3 (robbery of Graham) and Count 7 (confinement of Graham), and we revise Boyce's convictions on Counts 5 and 6 from class A to class B felonies and order presumptive sentences of ten years as to each,[7] to be served concurrently with each other and with Count 2, as ordered by the trial court. Because the trial court at Boyce's sentencing ordered Counts 5 and 6 to be served concurrently with Count 2, these modifications do not alter Boyce's aggregate sixty-five year sentence.

We affirm Boyce's convictions on Count 2 (felony murder), Count 5 (attempted robbery of Hoffman), Count 6 (conspiracy to commit robbery of Graham), and Count 8 (confinement of Wallace). We vacate his convictions on Count 3 (robbery of Graham) and Count 7 (confinement of Graham). We revise his convictions on Counts 5 and 6 from class A felonies to class B felonies and impose a ten year sentence on each conviction, to be served concurrently with the conviction for felony murder. In all other respects, the judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM, and RUCKER, JJ., concur.