Stephen Clark WIELAND,
Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 49A02–0504–PC–357.

Court of Appeals of Indiana.

June 5, 2006.

Rehearing Denied July 17, 2006.

Transfer Denied Sept. 7, 2006.

Stephen C. Wieland, Michigan City, IN, pro se.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge.

Appellant, Stephen Wieland, challenges the denial of his petition for post-conviction relief. Upon appeal, Wieland presents one issue for our review: whether his appellate counsel was ineffective for failing to amend his brief on direct appeal in order to challenge his sentence in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

We affirm.

On February 10, 1998, Wieland was charged with Count I, murder; Count II, felony murder; Count III, robbery as a Class A felony; Count IV, felony murder; Count V, attempted robbery as a Class A felony; Count VI, conspiracy to commit robbery as a Class A felony; and Counts VII and VIII, confinement as Class B felonies. Wieland waived his right to a jury trial on September 14, 1998, and a bench trial was held on March 25, 1999. On May 11, 1999, the trial court acquitted Wieland on Count I, but found him guilty of the remaining Counts.

On July 2, 1999, the trial court sentenced Wieland to fifty-five years on Count II, thirty years on Count III, fifty-five years on Count IV, thirty years on Count V, thirty years on Count VI, and ten years each on Counts VII and VIII.[1] The court ordered the sentence on Count IV be "merged" with the sentence on Count II and that Counts VI and VII be served consecutively to each other and consecutively to Count II[2] for a total aggregate sentence of ninety-five years. Furthermore, based upon the finding that Wieland was on bond for another crime when he committed the current offenses, the trial court ordered that the sentence imposed in this cause run consecutively to a forty-year sentence imposed in a different cause.[3]

Upon direct appeal, the Indiana Supreme Court vacated Wieland's convictions on Count III, robbery, and Count VII, confinement, and held that the trial court's merging of Count IV with Count II operated to vacate the conviction on Count IV, felony murder. *Wieland v. State,* 736 N.E.2d 1198, 1206 (Ind.2000). The Court also reduced Wieland's convictions for Count V, attempted robbery, and Count

---

1. We note that for each offense the trial court imposed the presumptive sentence for the class of offense. *See* Ind.Code §§ 35–50–2–3 through 5 (Burns Code Ed. Repl.2004).

2. In support of imposition of consecutive sentences, the trial court identified aggravating factors, placing particular emphasis on Wieland's criminal history, which the court noted consisted of six prior convictions, four of which were felonies and included offenses such as aggravated battery and intimidation.

3. *See* Ind.Code § 35–50–1–2(d) (Burns Code Ed. Supp.2005).

VI, conspiracy to commit robbery, to Class B felonies and imposed the presumptive sentence of ten years on each. *Id.* On December 6, 2000, in accordance with the Supreme Court's instructions, the trial court vacated Wieland's convictions on Counts III, IV, and VII and re-sentenced Wieland to ten years on each of Counts V and VI.

On April 23, 2001, Wieland filed a pro se petition for post-conviction relief. On November 12, 2004, Wieland filed an amended petition for post-conviction relief. The post-conviction court held a hearing on Wieland's petition on January 12, 2005. On March 2, 2005, the post-conviction court entered written findings of fact and conclusions of law denying Wieland relief.

█ Upon appeal, Wieland argues that the post-conviction court erred in concluding that his appellate counsel was not ineffective for failing to amend his brief upon direct appeal in order to challenge his sentence in light of the United States Supreme Court's decision in *Apprendi.* Defendants who have exhausted the direct appeal process may challenge the correctness of their convictions and sentence by filing a post-conviction petition. Ind. Post–Conviction Rule 1(1). Post-conviction proceedings, however, do not afford a petitioner with a super-appeal. *Timberlake v. State,* 753 N.E.2d 591, 597 (Ind. 2001), *cert. denied,* 537 U.S. 839, 123 S.Ct. 162, 154 L.Ed.2d 61 (2002). Rather, post-conviction proceedings provide defendants the opportunity to present issues which were not known at the time of the original trial or that were not available upon direct appeal. *Ben–Yisrayl v. State,* 738 N.E.2d 253, 258 (Ind.2000), *cert. denied,* 534 U.S. 1164, 122 S.Ct. 1178, 152 L.Ed.2d 120 (2002). The petitioner for post-conviction relief has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1(5); *Timberlake,* 753 N.E.2d at 597.

█ To prevail upon a claim of ineffective assistance of counsel, Wieland must present strong and convincing evidence to overcome the presumption that his counsel's representation was appropriate. *See Allen v. State,* 743 N.E.2d 1222, 1234 (Ind. Ct.App.2001), *trans. denied.* The two-pronged standard for evaluating ineffective assistance of counsel claims was enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant claiming a violation of the right to effective assistance of counsel must first show that counsel's performance was deficient. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Timberlake,* 753 N.E.2d at 603. This requires a defendant to show that counsel's representation fell below an objective standard of reasonableness and that the errors were so serious that they resulted in a denial of the right to counsel as guaranteed by the Sixth Amendment. *Strickland,* 466 U.S. at 687–88; *Timberlake,* 753 N.E.2d at 603. A defendant must also show that counsel's deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Timberlake,* 753 N.E.2d at 603. To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *Timberlake,* 753 N.E.2d at 603. The two prongs of the *Strickland* test are independent inquiries and thus, if the defendant makes an insufficient showing on one, there is no reason to address the other component of the analysis. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052; *Timberlake,* 753 N.E.2d at 603. This same standard is applicable to claims of ineffective assistance of appellate counsel. *Stevens v. State,* 770 N.E.2d 739, 760 (Ind.

2002), *cert. denied*, 540 U.S. 830, 124 S.Ct. 69, 157 L.Ed.2d 56 (2003).

■ Indiana courts recognize three basic categories of alleged appellate counsel ineffectiveness: (1) denying access to an appeal, (2) failing to present an issue upon appeal, and (3) failing to present issues completely and effectively. *Bieghler v. State*, 690 N.E.2d 188, 193–95 (Ind. 1997), *cert. denied*, 525 U.S. 1021, 119 S.Ct. 550, 142 L.Ed.2d 457 (1998). Ineffectiveness is rarely found when the issue is the failure to present a claim upon appeal. *Id.* at 193. This is so because the decision of what issue or issues to present upon appeal is one of the most important strategic decisions made by appellate counsel. *Id.* In analyzing such a claim, we first consider whether the unraised issues were significant and obvious upon the face of the record. *Id.* at 194. We will not find deficient performance in appellate counsel's choice of some issues over others when the choice was reasonable in light of the facts of the case and the precedent available to counsel at the time the decision was made. *Id.; Stevens*, 770 N.E.2d at 760.

■ On direct appeal, Wieland was represented by attorney Gregory Bowes. Attorney Bowes filed a brief on behalf of Wieland on November 29, 1999, in which he challenged the sufficiency of the evidence supporting Wieland's convictions and argued that several of the convictions were violative of double jeopardy principles. *Wieland*, 736 N.E.2d at 1201.

Bowes filed a reply brief on March 2, 2000. On October 13, 2000, the Indiana Supreme Court issued an opinion in which it concluded that the evidence was sufficient to support Wieland's convictions, but that several of the convictions violated double jeopardy. *Id.* at 1206. On June 24, 2000, over three and one-half months after Attorney Bowes filed the reply brief and months before the Indiana Supreme Court issued its opinion on Wieland's appeal, the United States Supreme Court issued its decision in *Apprendi*, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S.Ct. 2348. Wieland argues that Attorney Bowes representation was deficient because he did not seek to file an amended brief to present a claim based upon *Apprendi*.[4] We disagree.

Even after *Apprendi* was decided, there was no basis for Attorney Bowes to believe that *Apprendi* had any impact upon Wieland's jury trial waiver and sentence. Indeed, it was not until four years after *Apprendi*, when the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), that there was any indication that the *Apprendi* decision had an impact on Indiana's sentencing scheme such that it would have affected Wieland's sentence. In *Blakely*, the United States Supreme Court, for purposes of applying

---

4. Specifically, Wieland argues that the trial court violated his constitutional rights as set forth in *Apprendi* by ordering that the presumptive term for Count VI, conspiracy to commit robbery, run consecutive to the presumptive term imposed on Count II, felony murder, based upon the trial court's finding of aggravating factors. Wieland also argues that the *Apprendi* decision precluded the trial court from ordering that the aggregate sentence imposed in the present cause be served consecutively to the sentence imposed in a different cause based upon the court's finding, not a jury finding, that he was on bond at the time he committed the instant offenses. Although Wieland claims a violation of *Apprendi*, his argument is based upon an interpretation of *Apprendi* which is in turn based upon the United States Supreme Court's definition of "statutory maximum" as set out in *Blakely v. Washington*, 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

the *Apprendi* rule, set forth the unanticipated definition of "statutory maximum" as "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303, 124 S.Ct. 2531. In *Smylie v. State*, 823 N.E.2d 679, 687 (Ind.2005), *cert. denied*, —— U.S. ——, 126 S.Ct. 545, 163 L.Ed.2d 459, our Supreme Court concluded that *Blakely*, and thus *Apprendi*, affect Indiana's sentencing scheme and acknowledged that *"Blakely* radically reshaped our understanding of a critical element of criminal procedure, and ran contrary to established precedent." In holding that a defendant may present a *Blakely* claim even when they did not object based upon *Apprendi* at their sentencing hearing, the Supreme Court rationalized:

> "Because *Blakely* represents a new rule that was sufficiently novel that it would not have been generally predicted, much less envisioned to invalidate part of Indiana's sentencing structure, requiring a defendant or counsel to have prognosticated the outcome of *Blakely* or of today's decision would be unjust." *Id.* at 689.

Subsequent history makes clear that the *Apprendi* decision was not generally understood as giving defendants a right to a jury trial on sentencing factors. In other words, an *Apprendi* claim was not significant and obvious from the face of the record.

■ As our Supreme Court noted in *Smylie*, " '[a]n attorney is not required to anticipate changes in the law and object accordingly' " in order to be considered effective. 823 N.E.2d at 690 (quoting *Fulmer v. State*, 523 N.E.2d 754, 757–58 (Ind. 1988)). The Court in *Smylie* went on to state that "an appellate lawyer would not be ineffective for proceeding without adding a *Blakely* claim before *Blakely* was decided." *Id.* at 690. In light of existing precedent at the time of Wieland's direct appeal and the fact that Attorney Bowes should not be held to have predicted the *Blakely* and *Smylie* decisions regarding the impact of *Apprendi*, we conclude that Wieland has not demonstrated that Attorney Bowes performed deficiently in his representation of Wieland upon direct appeal. *See Walker v. State*, 843 N.E.2d 50, 59–60 (Ind.Ct.App.2006), *reh'g denied*. Moreover, even had Wieland's attorney been permitted to amend his brief to present a claim based upon *Apprendi*, Wieland has not shown that the outcome would have been different because, at that time, *Apprendi* had not been interpreted in a manner that would have invalidated Wieland's sentence. *See Walker*, 843 N.E.2d at 59. The trial court properly denied Wieland's petition for post-conviction relief.[5]

---

**5.** Assuming for the sake of argument that even if we were to impose the *Blakely* definition of "statutory maximum" into an *Apprendi* analysis at the time of Wieland's direct appeal, Wieland would not have been entitled to relief. In *Smylie*, our Supreme Court addressed the impact of *Blakely* on Indiana's sentencing scheme, first noting that Indiana's "fixed term" or "presumptive" sentence was equivalent to the "standard sentencing range" considered in *Blakely*. 823 N.E.2d at 683. Thus, in Indiana, the presumptive sentence was the "mandatory starting point for sentencing criminals based on the elements of proof necessary to prove a particular offense and the sentencing class in to which the offense falls." *Id.* The Court concluded that the judicial fact-finding which was necessary to impose a sentence above the presumptive fixed term is what the United States Supreme Court in *Blakely* deemed a violation of a defendant's Sixth Amendment right. *Id.* The Indiana Supreme Court thus upheld the presumptive fixed term, but modified Indiana's sentencing system such that facts in aggravation are required to be found by a jury. *Id.* at 685–86. The Court further held that *Blakely* does not invalidate Indiana's arrangement for consecutive sentences so long as the trial

The judgment of the post-conviction court is affirmed.

KIRSCH, C.J., and DARDEN, J., concur.

court does not exceed the combined statutory maximums. *Id.* at 686.

Here, the trial court sentenced Wieland to the presumptive term for each class of offense for which he was convicted. The trial court relied upon aggravating factors only as justification for imposing consecutive sentences. Given that the *Apprendi/Blakely* rule is not applicable to presumptive sentences or imposition of consecutive terms, Wieland's constitutional rights as set out in *Apprendi/Blakely* were not violated.