**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
May 28 2014, 9:35 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**VALERIE K. BOOTS**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**LARRY D. ALLEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MERCEDES JONES, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 49A02-1311-CR-962 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable William J. Nelson, Judge
Cause No. 49F18-1301-FD-1213

**May 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Pursuant to Indiana Post-Conviction Rule 2, Mercedes Jones ("Jones") belatedly appeals her conviction for Theft, as a Class A misdemeanor.[1] We affirm.

## Issues

Jones presents two issues for review:

I.      Whether there is sufficient evidence to support her conviction; and

II.     Whether the trial court abused its discretion in the admission of evidence.

## Facts and Procedural History

On January 4, 2013, Jones and Ronald Ferrell ("Ferrell") entered an Indianapolis Walmart and proceeded to the electronics department, where Ferrell selected merchandise. Walmart employee Wesley Foddrill ("Foddrill") was conducting video surveillance of the electronics department, and noticed that the pair were looking around frequently. (Tr. 13.) He also noticed that Ferrell appeared to be "randomly selecting" several types of video game controllers. (Tr. 13.) Suspicious, Foddrill continued to watch the pair.

Foddrill saw the pair proceed to a display of movies on DVD and make some selections. They then went to the men's clothing department, where Ferrell concealed some of the DVDs and game controllers in his pants. At that time, Jones was standing "right in front" of Ferrell and her eyes appeared to be pointing at him. (Tr. 15.) They proceeded to a

---

[1] Ind. Code § 35-43-4-2(a). At the time of Jones's offense, the statute that Jones was charged with violating provided that Theft was a felony. The trial court granted Jones's request for alternative misdemeanor sentencing.

clearance aisle and removed stickers. Foddrill then summoned Walmart employee Ana Tyree ("Tyree") to assist in the surveillance.

After making additional selections of merchandise, Jones and Ferrell stopped at a self-service checkout. Ferrell conducted three cash transactions and Jones conducted one. Jones scanned an article of baby clothing and three containers of infant formula. The price tags scanned were "switched" tags that had been attached to clearance items. (Tr. 16.)

After Jones and Ferrell had passed all points of sale, they were stopped by Tyree and Foddrill. In the asset protection office, Ferrell acknowledged that he had been detained because of the DVDs and took them out of his pants. Jones said to Tyree: "I'm sorry, ya'll." (Tr. 30.)

Jones was convicted in a bench trial of theft and sentenced to 365 days imprisonment, with 361 days suspended to probation. This appeal ensued.

**Discussion and Decision**

Sufficiency of the Evidence

Pursuant to Indiana Code section 35-43-4-2, a person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the person of any part of its value or use, commits theft. The State charged that Jones "did knowingly exert unauthorized control over the property, to wit: DVD(s) and/or clothing and/or US currency, of another person, to wit: Walmart, with the intent to deprive the person of any part of its value or use." (App. 17.) Jones argues that, because a Walmart employee testified that the price paid for the baby clothing may have been correct, and there is no evidence that

3

Jones stole currency, the sole remaining basis for the theft conviction is the DVDs. According to Jones, the State failed to prove that she exerted unauthorized control over DVDs belonging to Walmart. The State responds that there is ample evidence to support Jones's conviction of theft as an accomplice.

When reviewing a claim of insufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses, but will consider only the probative evidence and reasonable inferences supporting the judgment. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. Id.

"A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense[.]" I.C. § 35-41-2-4. In determining accomplice liability, the fact-finder can consider factors including: (1) presence at the scene of the crime; (2) companionship with another engaged in a crime; (3) failure to oppose the commission of the crime; and (4) the course of conduct before, during, and after the occurrence of the crime. Wieland v. State, 736 N.E.2d 1198, 1202 (Ind. 2000). A defendant's presence during the commission of the crime or his failure to oppose the crime, standing alone, are insufficient to establish accomplice liability; however, a fact-finder may consider them along with the factors above to determine participation. Id. Moreover, accomplice liability applies to the contemplated offense and all acts that are a probable and natural consequence of the concerted action. Id.

The probative evidence supporting the judgment includes the following. Jones and Ferrell entered the electronics department of Walmart together and both appeared to be looking around for other people. Ferrell took several video controllers in what seemed to be a random selection process; the pair jointly selected movies on DVD. They proceeded to the men's clothing area, where Ferrell concealed controllers and DVDs in his pants as Jones looked at him. They then proceeded to a clearance aisle and obtained several tags from the clearance items. They made merchandise selections and proceeded to a self-checkout where they engaged in four cash transactions. Tyree was able to observe that, with the possible exception of an article of baby clothing, incorrect prices for the items were scanned. For example, a "six dollar thing of formula was rang up as a dog toy." (Tr. 29.) When detained, Ferrell acknowledged that he had concealed Walmart property and Jones apologized. There is sufficient evidence from which the fact-finder could conclude that Jones and Ferrell were engaged in a joint endeavor to deprive Walmart of its property.

Admissibility of Evidence

Jones contends that the trial court abused its discretion by admitting State's Exhibit 2 into evidence. State's Exhibit 2, an electronic print-out which does not bear the store name, was described by Foddrill as a "receipt" that had been generated "on our smart system." (Tr. 18-19.) The exhibit has individual entries for a "creeper" at $3.25, a "pink combo" at $1.25, wax at .50, and "oops" at .50, for a total of $5.89. (State's Exhibit 2.)

5

When Jones objected on hearsay grounds to the unauthenticated document, the State argued that the exhibit qualified under the business records exception of Indiana Evidence Rule 803(6). This rule provides for an exception to the hearsay rule for:

[a] record of an act [or] event … if:

(A) the record was made at or near the time by – or from information transmitted by – someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a business …;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(9) or (10) or with a statute permitting certification; and

(E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

"[T]he rule unequivocally requires the proponent of business records to establish, by the testimony of the custodian or other qualified witness, that the records are regularly made." Ground v. State, 702 N.E.2d 728, 731 (Ind. Ct. App. 1998). Absent proof that the records are regularly made, the proponent of the business records has not laid a proper foundation for the records under the plain meaning of Rule 803(6), and they are inadmissible under the hearsay rule. Id. Here, as Jones points out, there was no such specific testimony.

However, "[w]e generally presume that in a proceeding tried to the bench a court renders its decisions solely on the basis of relevant and probative evidence." Coleman v. State, 558 N.E.2d 1059, 1062 (Ind. 1990). This principle, known as the judicial-temperance presumption, is broad but not without limits. Konopasek v. State, 946 N.E.2d 23, 28 (Ind.

6

2011). On appeal, when a defendant has challenged the admissibility of evidence at a bench trial and the evidence in fact was inadmissible, the judicial-temperance presumption "comes into play." Id. at 30. If a defendant overcomes the presumption, the reviewing court engages in a full harmless-error analysis, that is, the error is harmless if the reviewing court is satisfied that the conviction is supported by substantial independent evidence of guilt and there is no substantial likelihood that the challenged evidence contributed to the conviction. Id. (citing Meadows v. State, 785 N.E.2d 1112, 1122 (Ind. Ct. App. 2003), trans. denied). If a defendant cannot overcome the presumption, the reviewing court presumes that the trial court disregarded the improper evidence and thus finds the error to be harmless. Id.

Because the admission of State's Exhibit 2 lacked a proper foundation to establish it as a business record, it should not have been admitted over Jones's objection, and we must determine if the error was harmless. Apart from the challenged receipt or print-out, the trial court heard testimony from two Wal-Mart loss prevention employees. Foddrill had observed Ferrell conceal Walmart items in his clothing. This took place in full view of Jones. Tyree testified that she saw, during video surveillance, Ferrell and Jones pull price tags from clearance items. She then observed Jones checking out merchandise with improper tags. The State also introduced into evidence a surveillance video corroborating the employee testimony. We find there is no substantial likelihood that the challenged evidence contributed to Jones's conviction. As such, the admission of State's Exhibit 2 is harmless error.

**Conclusion**

7

There is sufficient evidence to support Jones's conviction for theft. Jones has established no reversible error in the admission of evidence.

Affirmed.

KIRSCH, J., and MAY, J., concur.