## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 13 2016, 8:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Robert A. Murphy
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert A. Murphy,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent* | May 13, 2016<br><br>Court of Appeals Case No.<br>18A02-1507-PC-849<br><br>Appeal from the Delaware Circuit Court<br><br>The Honorable Thomas A. Cannon, Jr., Judge<br><br>Trial Court Cause No.<br>18C05-0903-MR-1 |

**Baker, Judge.**

[1] Robert Murphy appeals the post-conviction court's denial of his petition for post-conviction relief. Finding no error, we affirm.

## Facts

[2] On March 25, 2009, the State charged Murphy with the murder of Jennifer Stafford. The charging information also contained a count of felony murder. A bench trial was held on February 1 through 5, 2010, during which Murphy was represented by two attorneys. Following the trial, the trial court found Murphy guilty on both counts. However, to avoid placing Murphy in double jeopardy, the trial court only entered judgment of conviction on the murder count. The trial court sentenced Murphy to sixty-five years in the Department of Correction.

[3] Murphy appealed his conviction and sentence, and this Court affirmed in a memorandum decision. *Murphy v. State*, No. 18A02-1003-CR-299 (Ind. Ct. App. April 7, 2011). On December 5, 2011, Murphy petitioned for post-conviction relief, arguing that both his trial and appellate counsel had been ineffective. On June 11, 2015, following a hearing, the post-conviction court denied Murphy's petition. Murphy now appeals.

## Discussion and Decision

[4] Post-conviction proceedings provide petitioners an opportunity to raise issues that were not known at the time of the original trial or that were not available on direct appeal. *Ben-Yisrayl v. State*, 738 N.E.2d 253, 258 (Ind. 2000). The petitioner has the burden of establishing his grounds for relief by a

preponderance of the evidence. *Id.* (citing Ind. Post-Conviction Rule 1(5)). On appeal from the denial of a petition for post-conviction relief, the petitioner must establish "that the evidence, as a whole, unmistakably and unerringly points to a conclusion contrary to the post-conviction court's decision." *Id.*

Murphy makes numerous arguments on appeal, many of which are difficult to follow and lack citation to authority.[1] Indiana Rule of Appellate Procedure 46 provides that the arguments contained in an appellant's brief must be supported by cogent reasoning and citation to relevant authority. Failure to follow this rule may result in waiver. *Pittman v. State*, 45 N.E.3d 805, 820-21 (Ind. Ct. App. 2015). In denying Murphy's claim, the post-conviction court entered a thorough and well-researched order that attempted to address the merits of Murphy's arguments whenever possible. Given our own preference for deciding issues on their merits, to the extent that we find Murphy's arguments difficult to follow, we will refer to the post-conviction court's construction of his arguments as an aid. However, it is not this Court's role to act as an advocate for a party or address arguments that are too poorly developed to be understood. *Ramsey v. Review Bd. of Ind. Dep't of Workforce Dev.*, 789 N.E.2d 486, 487 (Ind. Ct. App. 2003).

---

[1] For instance, in an argument labelled "Issue 3.2," Murphy appears to contend that the prosecutor committed misconduct by referring to inadmissible evidence during closing argument. He fails, however, to mention what the prosecutor said or otherwise identify the allegedly inadmissible evidence. Appellant's Br. p. 16-17.

[6] Murphy argues that both his trial counsel and his appellate counsel provided him with ineffective assistance. We apply the same standard when reviewing both sets of claims. *Bieghler v. State*, 690 N.E.2d 188, 192 (Ind. 1997). Murphy must first show that his counsel's performance was deficient. *Wieland v. State*, 848 N.E.2d 679, 681 (Ind. Ct. App. 2006) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). This means he must show that his counsel's performance fell below an objective standard of reasonableness, resulting in errors so serious as to effectively deny him his constitutional right to counsel. *Id.* Second, he must show that he was prejudiced by the deficient performance. *Id.* This means he must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Because these two inquiries are independent, if Murphy fails to make the required showing on one, we need not address the other. *Id.*

[7] Murphy first seems to argue that the State failed to present sufficient evidence that he committed felony murder by failing to present sufficient evidence that he committed the underlying felony, which in this case was robbery. Murphy has not framed this as an ineffective assistance of counsel claim, but rather as a free-standing claim of error. As such, the argument is waived; "[i]ssues that were available, but not presented, on direct appeal are forfeited on post-conviction review." *Ben-Yisrayl*, 738 N.E.2d at 258. However, waiver notwithstanding, Murphy cannot show prejudice, as the trial court never entered a judgment of conviction on the felony murder count. Appellant's Br. p. 37.

[8]    Murphy next claims that the prosecutor committed misconduct by referencing what Murphy believes to be false evidence and perjured testimony during closing argument. *Id.* at 15-20. Murphy again presents this as a freestanding claim and it is therefore waived. However, in his post-conviction petition, Murphy appears to have presented this as a claim of ineffective assistance of counsel, arguing that his trial counsel was ineffective for failing to object to the admission of the evidence. *Id.* at 47. But, in its order denying relief, the post-conviction court noted that Murphy "has not cited any specific instances where he believes perjured testimony was admitted." *Id.* He has also failed to cite any instances in his brief on appeal and we cannot construct an argument for him. Consequently, his argument is unavailing.

[9]    Murphy next raises the issue of ineffective assistance in the most general sense. *Id.* at 20-21. He argues that "[c]ounsel failed to investigate and prepare his client's defense and advance that at trial. Counsel failed to obtain any independent expert analysis." *Id.* at 21. In the same paragraph, he references DNA testing. *Id.* at 20. The post-conviction court determined that Murphy was referring to the fact that his DNA was not found at the crime scene, while DNA from an unknown male was found. *Id.* at 42. However, counsel did raise this issue at trial, and Murphy has failed to indicate what more his counsel

should have done. He has therefore failed to show any deficiency in his counsel's performance.[2]

[10] Murphy makes another ineffective assistance allegation in the subsequent section of his brief, arguing that his counsel should have investigated the mental health history of State's witness Kenny Watson. *Id.* at 22. However, the post-conviction court noted that Murphy "presented no evidence that trial counsel failed to investigate Kenny Watson's history of mental illness" and that evidence before the post-conviction court indicated "that defense counsel was well aware of any mental condition Kenny Watson may have had." *Id.* at 39. The post-conviction court noted the fact that defense counsel questioned Watson's mother about his mental health issues at trial. *Id.* Murphy has not indicated what further investigation should have taken place nor has he explained how he was prejudiced by the allegedly insufficient investigation. His argument fails accordingly.

[11] Murphy next argues that his trial counsel should have raised a *Brady*[3] claim as he believes that the State did not provide the defense with certain photos that it had of Murphy's body prior to trial. However, as the post-conviction court

---

[2] Murphy also alleges that his appellate counsel was ineffective for failing to "raise and argue meritorious issues that were clear from the fact[s] of the record, competently, on direct appeal." Appellant's Br. p. 24-25. Without more, such an argument is clearly too vague for this Court to address.

[3] *Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment").

observed, trial counsel testified at the post-conviction hearing that the State had, in fact, given the photos to counsel prior to trial. *Id.* at 50. Murphy also argues that his trial counsel was ineffective for failing to object to the admission of an autopsy report and the testimony of the doctor who prepared the report. *Id.* at 25. Murphy simply claims that "no evidence was given to support [the doctor's] testimony." *Id.* Again, Murphy gives no citation to the record and fails to construct a cogent argument, and we will not construct one for him.[4]

[12] In sum, Murphy frequently fails to make cogent arguments, and the arguments that we can decipher are unconvincing. Murphy has failed to show that either his trial or appellate counsel was ineffective; as the post-conviction court explained in its painstakingly detailed order, counsel actually did many of the things that Murphy has accused counsel of not doing. Though Murphy occasionally demands that counsel should have done more, he does not explain what more could have been done, nor does he explain how he was prejudiced. Accordingly, the post-conviction court did not err in concluding that Murphy's claims were unavailing.

---

[4] Murphy ends his brief with two arguments that are also too vague for this Court to review. He argues that the post-conviction judge should have recused himself because "Murphy has shown that the trial judge has a prejudice against him." Appellant's Br. p. 26. Murphy does not elaborate further. He also argues that the post-conviction court failed to consider all of his arguments, but does not identify which arguments the court failed to consider.

[13]     The judgment of the post-conviction court is affirmed.

May, J., and Brown, J., concur.